EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Roberto Pagán Rodríguez<br><br>Recurrido<br><br>V.<br><br>Hon. Thomas Rivera Schatz, en su capacidad de Presidente del Senado; Hon. Johnny Méndez, en su capacidad de Presidente de la Cámara de Representantes<br><br>Peticionarios | Certiorari<br><br>2021 TSPR 17<br><br>206 DPR ____ |

Número del Caso: CC-2017-814

Fecha: 18 de febrero de 2021

Tribunal de Apelaciones:

    Región Judicial de San Juan-Caguas, Panel V

Abogados de la parte peticionaria:

    Lcdo. Víctor Candelario Vega
    Lcda. Michelle Marrero Girona

Abogado de la parte recurrida:

    Lcda. Mariana G. Iriarte Mastronardo
    Lcdo. Manuel A. Rodríguez Banchs

Materia: Derecho Procesal Civil: El desistimiento voluntario al amparo de la Regla 39.1 (a) (1) de Procedimiento Civil, 32 LPRA Ap. V, no impide que se imponga una sanción, si se logra probar que la parte que desiste incumplió con la Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Roberto Pagán Rodríguez

    Recurrido

        v.

                                  CC-2017-814      Certiorari

Hon. Thomas Rivera Schatz, en
su capacidad de Presidente del
Senado; Hon. Johnny Méndez, en
su capacidad de Presidente de
la Cámara de Representantes

    Peticionarios


Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo


En San Juan, Puerto Rico a 18 de febrero de 2021.

El presente caso nos brinda la oportunidad de atender la siguiente controversia: si un desistimiento voluntario al amparo de la Regla 39.1 (a) (1) de Procedimiento Civil, *infra*, impide que se imponga una sanción, si se logra probar que la parte que desiste incumplió con la Regla 9.1 de Procedimiento Civil, *infra*. Por los fundamentos que exponemos más adelante, contestamos en la negativa.

I

De acuerdo con las alegaciones de la demanda, el Sr. Roberto Pagán Rodríguez (señor Pagán Rodríguez o parte demandante), así como otros integrantes del grupo conocido como "Frente Ciudadano por la

Auditoría de la Deuda", planificaron acudir al Capitolio el 18 de abril de 2017 para una sesión de visitas a los miembros de la Cámara de Representantes. En particular, el grupo interesaba cabildear en contra del P. de la C. 785, el cual disponía para la derogación de la Ley Núm. 97-2015.[1]

Según expuso en su demanda, se le negó acceso al Capitolio, por lo que tuvo que permanecer a las afueras del edificio y no pudo realizar las gestiones de cabildeo según planificadas. Debido a esto, ese mismo 18 de abril de 2017, a las 2:46 p.m., el señor Pagán Rodríguez presentó ante el foro de instancia una demanda de entredicho provisional e interdicto preliminar y permanente en contra del Hon. Thomas Rivera Schatz en su capacidad como Presidente del Senado y del Hon. Carlos "Johnny" Méndez Núñez en su capacidad como Presidente de la Cámara de Representantes.

Luego de evaluar la demanda y la declaración jurada que le acompañaba, el 18 de abril de 2017, a las 6:48 p.m., el tribunal de instancia emitió una *Orden de entredicho provisional*, mediante la cual ordenó a los expresidentes del Senado y de la Cámara de Representantes que permitieran la entrada del señor Pagán Rodríguez al Capitolio y tuviera acceso a la sesión de cabildeo ante la Cámara de Representantes.[2] Además, el foro de instancia dispuso que

---

[1] Mediante ese estatuto se había creado la Comisión para la Auditoría Integral del Crédito Público. El 17 de abril de 2017, el Senado de Puerto Rico aprobó el P. del S. 428, el cual dispuso para la derogación de dicha legislación.

[2] En lo pertinente, la *Orden de entredicho provisional* emitida por el foro de instancia dispuso lo siguiente:

la *Orden de entredicho provisional* estaría vigente hasta el día siguiente, 19 de abril de 2017, a las 2:00 p.m., hora en que se celebraría la vista de interdicto preliminar.

Previo al comienzo de la vista el 19 de abril de 2017, a la 1:43 pm., el Hon. Rivera Schatz -sin someterse a la jurisdicción del foro- presentó una *Moción de reconsideración y en solicitud de desestimación* ante el tribunal de instancia. En síntesis, adujo que el foro de instancia carecía de jurisdicción debido a que la controversia se había tornado académica, ello porque tanto el Senado como la Cámara habían aprobado derogar la Ley Núm. 97-2015 (el 17 y el          18 de abril de 2017, respectivamente) y el Gobernador había acogido el proyecto propuesto, y éste se convirtió en ley el 19 de abril de 2017.

Asimismo, el Hon. Rivera Schatz planteó que el tribunal de instancia no tenía jurisdicción para atender la reclamación debido a la falta de partes indispensables. Específicamente, señaló que en la demanda faltaban la Superintendencia del Capitolio y la Policía de Puerto Rico, a los cuales corresponde manejar los asuntos de orden público y la seguridad en el mencionado edificio.

---

En consecuencia, se ORDENA al Hon. Thomas Rivera Schatz, en su capacidad de [P]residente del Senado, y al Hon. Johnny Méndez, en su capacidad de [P]residente de la Cámara de Representantes, a sus empleados, agentes y/o representantes y así como cualquier otra persona actuando de común acuerdo a abstenerse de impedir de cualquier forma o manera la entrada del demandante, el señor Roberto Pagán Rodríguez, al Capitolio y que se le permita el acceso a la sesión de cabildeo ante la Cámara de Representantes.

*Orden de entredicho provisional*, Apéndice de la Petición de *certiorari*, págs. 12-13.

De igual forma, planteó que, aun cuando el foro de instancia tuviese jurisdicción para atender el caso, de todas formas procedía la desestimación de la demanda debido a que no existía alegación en contra del Senado ni de su Presidente.[3] Ante esto, expresó que la demanda dejaba de exponer una reclamación en su contra, de forma tal que se justificara la concesión de un remedio.

Según pautada, la vista de interdicto preliminar se celebró el 19 de abril de 2017 y allí las partes estipularon los siguientes hechos sobre el procedimiento legislativo acontecido:

1. El lunes, 17 de abril de 2017 el Senado de Puerto Rico, atendió y aprobó el [P]royecto 428 para derogar la Comisión para [la] Auditoría de la Deuda de Puerto Rico.

2. El martes, 18 de abril de 2017 la Cámara de Representantes de Puerto Rico, atendió el [P]royecto 785; y el [P]royecto 428 del Senado. Los cuales tenían los mismos propósitos aprobando finalmente, el [P]royecto 428.

3. En el día de hoy, -miércoles, 19 de abril de 2017- el gobernador, Hon. Ricardo Rosselló Nevárez, firmó el [P]royecto del Senado 428, convirtiéndolo en la Ley 22 de 2017.[4]

En su Minuta, el foro de instancia expresó lo siguiente:

> […] Ante los hechos estipulados por las partes; y las alegaciones en la demanda y habiéndose firmado la Ley 22 de 2017 por el gobernador, <u>se entiende que al momento no existe otro remedio. Por tanto, se le apercibe a la parte demandante</u>

---

[3] Sobre ello, el Hon. Thomas Rivera Schatz mencionó que "[l]a propia parte demandante admite que su intención de entrar al Capitolio… era visitar a los *representantes* [de la Cámara] para expresarles su posición respecto a la auditoría y cabildear ante éstos…". *Moción de reconsideración y en solicitud de desestimación*, Apéndice de la Petición de *certiorari*, pág. 30.

[4] *Minuta*, Apéndice de la Petición de *certiorari*, pág. 39.

> evalúe la moción de desestimación y fije posición por escrito.
>
> Así las cosas, el tribunal habiendo escuchado a los abogados, dispone:
>
> - Se le concede dos días a la parte demandante, según solicitado, para que presente posición mediante escrito.
>
> - Se mantiene el caso sin señalamiento. (Énfasis suplido).[5]

Así las cosas, el 21 de abril de 2017, el señor Pagán Rodríguez presentó ante el tribunal de instancia un *Aviso de desistimiento voluntario sin perjuicio al amparo de la Regla 39.1 (a)(1)*. En esa misma fecha, el foro de instancia acogió el aviso de la parte demandante y emitió una Sentencia mediante la cual decretó el desistimiento voluntario sin perjuicio, según informado.

Inconforme con la decisión del tribunal de instancia, el 2 de mayo de 2017 el Hon. Rivera Schatz presentó una *Moción en solicitud de reconsideración parcial de la sentencia a los fines de que se determine que el demandante procedió con temeridad o frivolidad y, se le impongan honorarios de abogado*. En particular, adujo que el señor Pagán Rodríguez fue temerario al presentar frívolamente su demanda interdictal debido a que ésta se basaba "en alegaciones y supuestos hechos falsos",[6] por lo que actuó con temeridad o frivolidad en el proceso

---

[5] Íd., pág. 40.

[6] *Moción en solicitud de reconsideración parcial de la sentencia a los fines de que se determine que el demandante procedió con temeridad o frivolidad y, se le impongan honorarios de abogado*, Apéndice de la Petición de *certiorari*, pág. 50.

judicial. Ante esto, solicitó la imposición del pago de costas, gastos y una suma no menor de $10 mil por concepto de honorarios de abogado.

Valga resaltar que el Hon. Rivera Schatz acompañó con su moción de reconsideración parcial un vídeo que, según él, refleja que al señor Pagán Rodríguez "no se le negó la entrada al Capitolio el pasado 18 de abril de 2017, como alegó bajo juramento en su demanda".[7] Asimismo, expuso que ese vídeo "demuestra que, en efecto, el personal de seguridad del Capitolio le permitió la entrada y que, luego de ello, abandonó voluntariamente los predios".[8] Además, incluyó dos declaraciones juradas, una de ellas para sustentar cómo se obtuvo el vídeo, su contenido y la autenticidad del mismo y otra de una persona que alegadamente estuvo presente cuando el señor Pagán Rodríguez entró al Capitolio. El tribunal de instancia declaró "no ha lugar" la petición de reconsideración parcial.

Insatisfecho con la determinación, el Hon. Rivera Schatz, recurrió ante el Tribunal de Apelaciones el 23 de mayo de 2017. En síntesis, expuso que el tribunal de instancia erró al descartar de plano su solicitud de reconsideración y omitir hacer una determinación de

---

[7] *Moción en solicitud de reconsideración parcial de la sentencia a los fines de que se determine que el demandante procedió con temeridad o frivolidad y, se le impongan honorarios de abogado,* Apéndice de la Petición de *certiorari*, pág. 52.

[8] *Moción en solicitud de reconsideración parcial de la sentencia a los fines de que se determine que el demandante procedió con temeridad o frivolidad y, se le impongan honorarios de abogado,* Apéndice de la Petición de *certiorari*, pág. 52.

temeridad que sustentara la imposición de honorarios de abogado. Particularmente expresó lo siguiente:

> [E]n preparación para la vista interdictal, el Senado llevó a cabo una investigación analizando los vídeos de las cámaras de seguridad que grabaron el momento en que el [señor Pagán Rodríguez] entró al Capitolio el pasado 18 de abril de 2017. A esos efectos, se obtuvo un vídeo que refleja que al [señor Pagán Rodríguez) no se le negó la entrada, como alegó bajo juramento en su demanda e insistió en su Aviso de desistimiento voluntario sin perjuicio al amparo de la Regla 39.1(a)(1). Como cuestión de realidad, el vídeo demuestra que, en efecto, el personal de seguridad del Capitolio le permitió la entrada.
>
> Como se describe en las declaraciones juradas que se acompañaron con la Moción de Reconsideración, y en apoyo al vídeo en cuestión, el [señor Pagán Rodríguez] entró al Capitolio hasta el punto de seguridad ("check point"), allí se desplomó al suelo sin que nadie interfiriera con él y comenzó a actuar de forma errática. Luego de entrar al Capitolio, se incorporó y salió del edificio de manera voluntaria. Más aún, según surge de un parte de prensa publicado por el periódico Metro -en su versión digital- el propio [señor Pagán Rodríguez] aceptó que se le dio acceso a él y a otras once (11) personas; que se acostó en el piso porque se sintió mal; que nadie lo empujó; y, que posteriormente se levantó y optó por salir. (Énfasis suplido y citas omitidas).[9]

El 22 de junio de 2017, el señor Pagán Rodríguez presentó su Alegato en oposición, en el cual enfatizó que la Regla 39.1 (a)(1) de Procedimiento Civil, 32 LPRA Ap. V, le reconoce un derecho incondicional al desistimiento de la demanda. Así las cosas, el 21 de agosto de 2017, el Tribunal de Apelaciones emitió una Sentencia mediante la cual confirmó la decisión del foro de instancia.[10] Específicamente, concluyó que el foro de instancia "actuó

---

[9] *Recurso de Apelación*, Apéndice de la Petición de *certiorari*, pág. 74.
[10] Una copia de la notificación de la Sentencia se archivó en autos el 23 de agosto de 2017.

conforme al claro mandato de la Regla 39.1(a)(1) de las de Procedimiento Civil, que reconoce el derecho absoluto e incondicional del demandante a desistir de su acción previo a que la parte contraria presente su contestación a la demanda o una solicitud de sentencia sumaria".[11] Por su parte, la Jueza Grace M. Grana Martínez emitió un Voto disidente.

Inconforme con la decisión del foro apelativo intermedio, el 20 de octubre de 2017 el Hon. Rivera Schatz presentó un recurso de *certiorari* ante esta Curia. En éste planteó lo siguiente:

> **Erró el Tribunal de Apelaciones al confirmar la determinación del TPI de denegar la moción de reconsideración parcial del compareciente. Aun cuando el TPI acogió el aviso de desistimiento voluntario del recurrido, ello no impedía que dilucidara en los méritos su temeridad.**

Habiendo expedido el recurso en reconsideración y evaluados los argumentos de ambas partes, estamos en posición de resolver la controversia ante nuestra consideración. Siendo así, veamos el derecho aplicable.

II

El desistimiento se refiere a una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente.[12] Esto es, a través del desistimiento, una parte en el pleito expresa su deseo de no continuar con la reclamación que interpuso. De igual

---

[11] *Sentencia del Tribunal de Apelaciones*, Apéndice de la Petición de *certiorari*, págs. 107-108.

[12] J. A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138.

forma, se ha expresado que "[e]l desistimiento encarna uno de los principios básicos del proceso [civil]: el principio dispositivo según el cual el demandante tiene derecho a disponer de su acción".[13]

En nuestro ordenamiento jurídico, la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, regula las diferentes formas de desistimiento de las reclamaciones judiciales en el ámbito civil.[14] Específicamente, el inciso (a) de la mencionada regla dispone las instancias en las que la parte demandante puede desistir de un pleito de manera voluntaria, esto es a través de un aviso de desistimiento – la Regla 39.1(a)(1)- o mediante una estipulación de desistimiento firmada por todas las partes comparecientes –

---

[13] R. Hernández Colón, Derecho Procesal Civil, 6ta ed., San Juan, LexisNexis, 2017, pág. 414.

[14] La Regla 39.1 de Procedimiento Civil, supra, dispone lo siguiente:
  (a) Por la parte demandante; por estipulación.
     Sujeto a las disposiciones de la Regla 20.5 de este apéndice, una parte demandante podrá desistir de un pleito sin una orden del tribunal:

          (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o

          (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.

     A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente una parte demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

  (b) Por orden del tribunal.
     A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá a la parte demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

la Regla 39.1(a)(2)-. Mientras, el inciso (b) se refiere a cuando la parte demandante desiste de un pleito previa orden del tribunal.

En particular, el inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra*, establece que el demandante puede renunciar a su demanda en cualquier momento previo a la notificación de la contestación de la parte adversa o de una solicitud para que se dicte sentencia sumaria.[15] También dispone que el desistimiento pudiera darse por una estipulación firmada por todos los que hayan comparecido al pleito. Así pues, en virtud de dicho inciso es suficiente la mera presentación del aviso de desistimiento ante el tribunal.[16]

Por su parte, el inciso (b) de la Regla 39.1 de Procedimiento Civil, *supra*, atiende las instancias no cubiertas por el inciso (a) de la regla, entiéndase cuando la parte adversa ha contestado la demanda o ha solicitado que se dicte sentencia sumaria, o cuando no se ha conseguido una estipulación de desistimiento suscrita por todas las partes que han comparecido al pleito.[17] En tales casos, será necesario que la parte demandante presente una moción al tribunal, la cual deberá notificar a todas las partes que han comparecido ante el foro para así renunciar a continuar con su reclamo. En este escenario, el tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes, entre éstas

---

15 *PRAMCO CV6, LLC v. Delgado Cruz*, 184 DPR 453, 459 (2012).

16 Íd., pág. 459.

17 Íd., pág. 460.

que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado.[18]

En lo pertinente, según hemos esbozado en la jurisprudencia, al amparo de cualquiera de las dos instancias del inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra*, el derecho de la parte demandante de renunciar a su reclamación es absoluto y nada impide que pueda demandar nuevamente.[19] Esto significa que no hay que solicitar autorización al foro judicial ni éste interviene en la evaluación de las razones para procurar dicho remedio.[20]

Asimismo, la Regla 23(c) de las Reglas para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, establece que "[e]l Secretario o la Secretaria Regional procederá a archivar cualquier acción en que la parte demandante desista antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria".

Ahora bien, esta regla no establece cómo habrán de imponerse, en caso de proceder, las sanciones por incumplir con las responsabilidades que acarrea presentar una acción judicial. Particularmente, en Cooter & Gell v. Hartmax Corp., 496 US 384 (1990), el Alto Foro resolvió que una moción de desistimiento voluntario al amparo de la Regla 41(a)(1)(i) de Procedimiento Civil Federal, no impide que se impongan sanciones bajo la Regla 11 del mismo cuerpo

---

[18] Íd., pág. 461.

[19] Íd., pág. 459.

[20] Cuevas Segarra, op. cit., pág. 1139.

reglamentario relativa a la firma de los escritos y equivalente a nuestra Regla 9.1 de Procedimiento Civil, *infra*. Allí, el Tribunal rechazó la teoría del demandante en cuanto a que la moción de desistimiento automáticamente priva al tribunal de jurisdicción, por lo que está impedido de imponer sanciones.

De modo que nada en el lenguaje de la Regla 41 (a) (1) (i), *supra*, ni de la Regla 11, *supra*, ni ningún estatuto federal, limita la autoridad de los tribunales de imponer sanciones luego de un desistimiento.

Como es sabido, los tribunales tienen autoridad para imponer sanciones. Así, su poder inherente proporciona flexibilidad para escoger la sanción y ajustarla a los hechos y al propósito que se persigue.[21]

La Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, es uno de los mecanismos que tiene el tribunal para viabilizar la imposición de sanciones. En particular, la Regla 9.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> La firma del abogado o abogada, o de la parte equivale a certificar que está hábil y disponible para cumplir con los señalamientos y las órdenes del tribunal, que ha leído el escrito **y que, de acuerdo con su mejor conocimiento, información y creencia, formada luego de una investigación razonable, dicho escrito está bien fundado en los hechos y respaldado por el derecho vigente, y que no se ha presentado con el propósito de causar una injusticia, dilación u opresión o de aumentar el costo del litigio.**
> Si un escrito se firma en violación de esta regla el tribunal, a moción de parte o a iniciativa propia, impondrá a la persona quien

---

[21] R. Hernández Colón, <u>Práctica Jurídica de Puerto Rico: Derecho Procesal Civil</u>, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 247.

lo firmó, a la parte representada o a ambas, cualquier sanción conforme lo dispuesto en la Regla 9.3, **o podrá incluir una orden para pagar a la otra parte o partes una suma razonable en concepto de gastos con motivo de la presentación del escrito, incluso una cantidad razonable para honorarios de abogado o abogada.** (Énfasis nuestro).

Nótese que la Regla 9.1 de Procedimiento Civil, *supra*, "[i]mpone a quien firme el deber afirmativo de realizar una investigación razonable sobre los hechos y el derecho aplicable antes de presentar el escrito".[22] De lo contrario, el tribunal tendrá discreción para imponer sanciones, entre las cuales podrá imponer una cantidad razonable para el pago de honorarios de abogado. Ahora bien, para determinar si el abogado o la parte cumplió con el mandato de la Regla 9.1 de Procedimiento Civil, *supra*, el tribunal utilizará el criterio de razonabilidad, atendiendo las circunstancias del momento.[23]

### III

Por un lado, el Hon. Rivera Schatz plantea que el señor Pagán Rodríguez actuó de forma frívola tanto al presentar un recurso interdictal para el cual expuso bajo juramento unos hechos falsos como al reiterar su posición en la vista de interdicto preliminar y luego por escrito en su Aviso de desistimiento ante el foro de instancia. Aduce que, con ese proceder, el señor Pagán Rodríguez expuso al Senado a un trámite judicial totalmente innecesario y para el cual dicho cuerpo legislativo tuvo que incurrir en

---

[22] Hernández Colón, op. cit. pág. 206.

[23] Íd.

gastos y contratación de servicios profesionales, provocando así el desembolso de fondos públicos.

Añade que, aun cuando el tribunal de instancia acogiese el Aviso de desistimiento presentado por el señor Pagán Rodríguez, esto no era impedimento para que dicho foro dilucidara la procedencia o no del planteamiento sobre la conducta desplegada por la parte demandante y, en consecuencia, impusiera el pago de honorarios de abogado, según solicitado. Al no dilucidar tal asunto, según manifiesta, el tribunal de instancia "da carta blanca a cualquier demandante que presenta un caso claramente frívolo y temerario -causando con ello graves perjuicios a las demás partes en el caso- para luego desistir voluntariamente y, sobre todo, de manera acomodaticia, impunemente sin someterse a las consecuencias jurídicas que acarrea su conducta temeraria".[24]

Por su parte, el señor Pagán Rodríguez reitera que una parte demandante puede desistir de su reclamación a su entera discreción siempre y cuando ello ocurra antes de que la parte contraria presente su contestación a la demanda o una moción de sentencia sumaria. Y siendo así, añade, "el foro adjudicador está obligado a decretar el cierre y sobreseimiento del caso una vez la parte promovente presenta el aviso de desistimiento con la consiguiente pérdida de jurisdicción para adjudicar cualquier controversia o emitir cualquier pronunciamiento".[25] No le asiste la razón. Veamos.

---

[24] Petición de *certiorari*, pág. 15.
[25] Alegato de la parte recurrida, pág. 11.

Coincidimos con lo expuesto por el Tribunal de Apelaciones en cuanto al derecho absoluto que tiene la parte demandante de desistir de su reclamación antes de que la parte demandada presente su contestación o una solicitud de sentencia sumaria, acorde con la R. 39.1 (a)(1) de Procedimiento Civil, *supra*. Sin embargo, ello de ninguna manera significa que el foro de instancia no pueda realizar una determinación con relación a si hubo algún incumplimiento con la Regla 9.1 de Procedimiento Civil, *supra*. En ese contexto, resta que el tribunal de primera instancia evalúe ese aspecto contenido en la solicitud de reconsideración parcial.

Es claro que del texto de la R. 39.1(a)(1) de Procedimiento Civil, *supra*, no surge expresión alguna que impida o, de alguna manera, limite la aplicación, a su vez, de la Regla 9.1 de Procedimiento Civil, *supra*. Sin duda, estas reglas son perfectamente armonizables.

Atendido ese asunto cardinal, y como una controversia auxiliar, corresponde que abordemos lo expresado por el foro apelativo intermedio en cuanto a la alegada presentación tardía de la prueba que acompañó el Hon. Rivera Schatz con su moción de reconsideración parcial, entiéndase el vídeo y las declaraciones juradas para sustentar su posición de que el señor Pagán Rodríguez había logrado acceso al Capitolio el 18 de abril de 2017. Sobre esto, el Tribunal de Apelaciones expuso que "[a]ún de no haber sido presentada tardíamente, esa prueba habría requerido, como mínimo, una oportunidad para que la parte contraria la confrontara; es decir, la aceptara, o la

contrarrestara mediante prueba a su favor. Ello no ocurrió, pues independientemente de la presentación de la solicitud de desestimación por la parte apelante, el apelado le asistía el derecho a desistir sin perjuicio de su acción, sin límites ni condiciones".[26]

En primer lugar, y con relación a la última parte de esta expresión, ya explicamos que el que la parte demandante tenga un derecho absoluto a desistir de su pleito si cumple con los requisitos de la R. 39.1(a)(1) de Procedimiento Civil, *supra*, no significa que esté inmune a las consecuencias de incumplir con las exigencias de la Regla 9.1 de Procedimiento Civil, *supra*, si es que la prueba en su momento así lo sustenta. Es decir, ello requerirá que el foro de instancia determine si se incumplió con los preceptos de la Regla 9.1 de Procedimiento Civil, *supra*.

En segundo lugar, y en armonía con lo que ya hemos determinado, es claro que la tardanza en la presentación de la prueba que señala el foro apelativo intermedio no fue tal, pues lo cierto es que el peticionario presentó dentro del término provisto por la Regla 47 de Procedimiento Civil,      32 LPRA Ap. V, una moción de reconsideración acompañada de la prueba que pretendía presentar, si surgía la oportunidad. No obstante, el foro de instancia no lo entendió así, por lo que erró al declarar "no ha lugar" sin más la solicitud de reconsideración parcial presentada por el Hon. Rivera Schatz. De igual manera, el Tribunal de Apelaciones erró al confirmar el dictamen del foro de

---

[26] *Sentencia*, Apéndice de la Petición de *certiorari*, pág. 106.

instancia de denegar sin más esa petición de reconsideración parcial. Ciertamente, resulta más conveniente que, si en esta etapa temprana del proceso una parte demandada ya cuenta con la prueba pertinente en contra de la parte demandante, la presente junto con su moción de desestimación. Sin embargo, el que así no lo haga, no impide que lo pueda hacer posteriormente, siempre y cuando el foro no haya perdido jurisdicción sobre el asunto.

Así las cosas, concluimos que si una parte demandada presenta una oportuna moción de reconsideración a una sentencia en la que se decretó el desistimiento al amparo de la Regla 39.1(a)(1) de Procedimiento Civil, *supra*, **y además de sus alegaciones adjunta aquella prueba *prima facie* dirigida a demostrar un incumplimiento con la Regla 9.1 de Procedimiento Civil, *supra***, el tribunal de instancia podrá considerarla y concederle sin más, conforme a la discreción que la citada Regla le concede. Ahora bien, si la parte demandante presenta una fundamentada moción en oposición y en esta solicita una vista evidenciaria a esos efectos, o surge que esta es necesaria, el tribunal deberá concederla. En caso de que el foro de instancia determine que, en efecto, la parte demandante incumplió con los preceptos de la Regla 9.1 de Procedimiento Civil, *supra*, procederá a imponer las sanciones correspondientes. Como es sabido, el tribunal determinará la suma específica que habrá de concederse dependiendo del grado o la intensidad del incumplimiento con la Regla 9.1 de Procedimiento Civil, *supra*.

Por último, hacemos la salvedad de que este Tribunal no ha evaluado ni pasado juicio sobre los méritos de la procedencia de las alegaciones de la parte peticionaria. La Opinión se circunscribe a pautar que la Regla 39.1(a)(1) de Procedimiento Civil, *supra*, sobre desistimiento voluntario, no precluye que en los casos que amerite se imponga alguna de las sanciones contempladas en la Regla 9.1 de Procedimiento Civil, *supra*.

IV.

Por los fundamentos antes expuestos, revocamos la determinación del Tribunal de Apelaciones y, a su vez, ordenamos la devolución del caso al Tribunal de Primera Instancia para que proceda acorde con lo aquí resuelto.

Se dictará sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Roberto Pagán Rodríguez

    Recurrido

        v.

Hon. Thomas Rivera Schatz, en
su capacidad de Presidente del
Senado; Hon. Johnny Méndez, en
su capacidad de Presidente de
la Cámara de Representantes

    Peticionarios

CC-2017-814    Certiorari

SENTENCIA

En San Juan, Puerto Rico a 18 de febrero de 2021.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, revocamos la determinación del Tribunal de Apelaciones y, a su vez, ordenamos la devolución del caso al Tribunal de Primera Instancia para que proceda acorde con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Feliberti Cintrón emite Opinión de Conformidad a la cual se unen los Jueces Asociados señores Martínez Torres y Rivera García. El Juez Asociado señor Estrella Martínez hace constar la siguiente expresión de conformidad:

> "El Juez Asociado señor Estrella Martínez está conforme con la Opinión emitida por este Tribunal porque un desistimiento voluntario no puede servir de escudo para evitar alguna de las sanciones contempladas en la Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, cuando se demuestre que el propósito de presentar una acción judicial sea causar una injusticia, dilación u opresión o aumentar el costo del litigio, a base de

un escrito infundado. Sabemos que cientos de personas naturales y jurídicas canalizan diariamente sus reclamos ante la Rama Judicial, pero no podemos estar ajenos a que existen situaciones excepcionales en que la presentación de una demanda se aleja del acceso a la justicia y se convierte en una herramienta de opresión e injusticia. En ese sentido, reitero que me parece acertado y necesario que un desistimiento voluntario no inmunice las consecuencias de tales actos proscritos por la Regla 9.1 de Procedimiento Civil, *supra*.

De otra parte, aunque pudiera coincidir con algunas de las preocupaciones de la disidencia, reconozco que en esta etapa procesal la Opinión emitida por este Tribunal **se circunscribe solamente** a reconocer la posibilidad de la aplicación de la Regla 9.1 de Procedimiento Civil, *supra*, en desistimientos voluntarios bajo la Regla 39.1 (a) (1), 32 LPRA Ap. V, toda vez que se devuelve el caso al Tribunal de Primera Instancia para que atienda los planteamientos de ambas partes. Habida cuenta de que este Tribunal no ha emitido directriz de clase alguna en torno a los méritos de la solicitud de sanciones, prefiero abstenerme de categóricamente concluir si están o no presentes en este caso las circunstancias contempladas en la Regla 9.1, *supra*, a la luz del estándar de prueba aplicable."

La Jueza Presidenta Oronoz Rodríguez emite Opinión Disidente a la cual se une el Juez Asociado señor Colón Pérez. El Juez Asociado señor Colón Pérez hace constar la siguiente expresión disidente:

"El Juez Asociado señor Colón Pérez disiente del curso de acción seguido por una mayoría de este Tribunal en el presente caso, ello por entender que en lo relacionado a la causa de epígrafe, no procede la imposición de sanciones al amparo de la Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V. Lo anterior, toda vez que se trata aquí de un litigio que se extendió por tan solo cuatro (4) días y en el cual la parte demandante, el señor Roberto Pagán Rodríguez, desistió de su causa de acción en una etapa muy preliminar del mismo, sin que se causaran perjuicios mayores a la parte que éste demandó. Es decir, el señor Pagán Rodríguez desistió del pleito previo a que el Hon. Thomas Rivera Schatz contestara la demanda o presentara una moción de sentencia sumaria, conforme exige el inciso (a)(1) de la Regla 39.1 de Procedimiento Civil, *supra*.

En esa dirección, precisa señalar aquí que la propia Regla 39.1(a)(1) de Procedimiento Civil, *supra*,

fija un periodo relativamente corto para desistir de un pleito sin que el tribunal tenga que autorizarlo mediante una orden o resolución al respecto; entiéndase el tiempo que transcurre entre la presentación de la demanda y la contestación a ésta, o la notificación de una moción solicitando sentencia sumaria. Ello es así, precisamente, para evitar ocasionar dilaciones innecesarias en la tramitación de determinado litigio, pues, con toda probabilidad, muy poco perjuicio se habrá ocasionado en tan corto periodo de tiempo. Véase, *Kane v. República de Cuba*, 90 DPR 428 (1964). Tal propósito, sin duda alguna, se desvirtuaría si se permite, -- en una etapa tan temprana del proceso civil --, la celebración de vistas evidenciarias con el fin de determinar la procedencia o no de sanciones en contra de la parte demandante o su representante legal, tales como honorarios de abogado.

Aunque lo anterior sería suficiente para disponer del caso que nos ocupa, el Juez Asociado señor Colón Pérez también desea dejar meridianamente claro que es de la opinión que los hechos que tenía ante su consideración el Tribunal Supremo de los Estados Unidos en el normativo caso de *Cooter & Gell v. Hartmax corp.*, 496 US 384 (1990), son claramente distinguibles de los hechos ante nos, pues allí se trataba de un pleito que se extendió por más de un año y en el cual, tras un sinnúmero de trámites procesales, -- no presentes en el caso de marras --, es que el demandante decide desistir del mismo.

Es, pues, por todo lo antes expuesto que éste disiente del curso de acción seguido, en el día de hoy, por sus compañeros y compañera de estrado."

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Roberto Pagán Rodríguez<br><br>Recurrido<br><br>v.<br><br>Hon. Thomas Rivera Schatz, en su capacidad de Presidente del Senado; Hon. Johnny Méndez, en su capacidad de Presidente de la Cámara de Representantes<br><br>Peticionarios | CC-2017-814 | *Certiorari* |

Opinión de conformidad emitida por el Juez Asociado señor FELIBERTI CINTRÓN, a la cual se unieron el Juez Asociado señor MARTÍNEZ TORRES y el Juez Asociado señor RIVERA GARCÍA.

En San Juan, Puerto Rico, a 18 de febrero de 2021.

Estoy conforme con lo resuelto por este Tribunal al determinar que, como cuestión de Derecho, dentro de nuestro ordenamiento jurídico se permite la imposición de sanciones a la parte demandante de ésta incumplir con lo preceptuado en la Regla 9.1 de Procedimiento Civil, *infra*, incluso cuando desista voluntariamente de su reclamación al amparo de la Regla 39.1(a)(1) de Procedimiento Civil, *infra*. Veamos los hechos que dieron lugar a la determinación que hoy toma este Tribunal.

## I.

El presente caso comenzó el 18 de abril de 2017, cuando el recurrido presentó una *Demanda* juramentada[27] en la que alegó que se le negó la entrada al Capitolio de Puerto Rico. En específico, sostuvo que intentó acceder al Capitolio, como miembro del *Frente ciudadano por la auditoría de la deuda*, para visitar a los miembros de la Cámara de Representantes. Afirmó que su propósito principal era cabildear, junto con un grupo de personas, en contra de la aprobación del P. de la C. 785 y del P. del S. 428, los cuales buscaban la derogación de la Ley Núm. 97-2015, conocida como *Ley para establecer un comité de auditoría y un comité de manejo de riesgos en el BGF*, 2015 Leyes de Puerto Rico 701. Tras presuntamente verse impedida su entrada y tener que esperar en las afueras del Capitolio, presentó la *Demanda* antes señalada y solicitó un entredicho provisional, exigiendo que se le ordenara a los presidentes de los cuerpos legislativos permitirle la entrada para poder efectuar su actividad de cabildeo.[28] Ese mismo día, el Tribunal de Primera Instancia concedió el entredicho provisional, le ordenó a los presidentes de los cuerpos legislativos tomar las medidas pertinentes

---

[27] Surge del expediente que la *Demanda* fue acompañada de un documento intitulado *Juramento de petición de injunction*, suscrito por el Sr. Roberto Pagán Rodríguez, aquí recurrido, en el que éste **declara bajo juramento** haber "leído la presente petición de entredicho preliminar e *injunction* preliminar y permanente que antecede" y que **"[l]o que allí se expone en cuanto a mi caso es enteramente cierto y correcto y me consta de propio y personal conocimiento".** (Énfasis suplido). Véase *Demanda*, Apéndice del *certiorari*, pág. 10.

[28] Véase *Demanda*, Apéndice del *certiorari*, págs. 1-10.

para concederle la entrada al recurrido, y señaló una vista para el 19 de abril de 2017, a las 2:00 p.m. Ordenó también que la parte aquí recurrida notificara de inmediato la *Orden* emitida.[29]

Al día siguiente, 19 de abril de 2017, la parte recurrida presentó un *Escrito al expediente judicial*, donde notificó haber entregado a la parte aquí peticionaria, a las 10:07 a.m., la notificación de la vista a celebrarse ese mismo día, a las 2:00 p.m.[30] De igual modo, el Presidente del Senado, Hon. Thomas Rivera Schatz (peticionario) presentó, esa tarde, una *Moción de reconsideración y en solicitud de desestimación*.[31] Argumentó, en síntesis, que el Tribunal de Primera Instancia carecía de jurisdicción para atender la controversia toda vez que: (1) la misma se tornó académica por haberse aprobado el P. del S. 428,[32] y (2) existían partes indispensables que no habían sido acumuladas en el pleito.

Acto seguido, el Tribunal de Primera Instancia celebró la vista programada para las 2:00 p.m. y, entre otros asuntos, declinó atender en ese momento la solicitud de reconsideración y desestimación presentada por el

---

[29] Véase *Orden de entredicho provisional*, Apéndice del *certiorari*, págs. 11-20.

[30] Véase *Escrito al expediente judicial*, Apéndice del *certiorari*, págs. 21-26.

[31] Véase *Moción de reconsideración y en solicitud de desestimación*, Apéndice del *certiorari*, págs. 27-37.

[32] Véase Ley Núm. 22-2017, 2017 Leyes de Puerto Rico 925.

peticionario, aunque la misma fue argumentada en la vista. De igual modo, las partes estipularon los siguientes hechos:

1. El lunes, 17 de abril de 2017 el Senado de Puerto Rico, atendió y aprobó el proyecto 428 para derogar la Comisión para Auditoría de la Deuda de Puerto Rico.

2. El martes, 18 de abril de 2017 la Cámara de Representantes de Puerto Rico, atendió el proyecto 785; y el proyecto 428 del Senado. Los cuales tenían los mismos propósitos [,] aprobando finalmente, el proyecto 428.

3. En el día de hoy, -miércoles, 19 de abril de 2017- el gobernador, Hon. Ricardo Rosselló Nevárez, firmó el proyecto del Senado 428, convirtiéndolo en la Ley 22 de 2017. [33]

Asimismo, el Tribunal de Primera Instancia mantuvo el caso sin señalamientos y le concedió al señor Pagán Rodríguez dos (2) días para que se expresara con respecto a la solicitud de reconsideración y desestimación.[34]

El 21 de abril de 2017, el recurrido presentó un *Aviso de desistimiento voluntario sin perjuicio al amparo de la Regla 39.1(a)(1)*.[35] Por medio de éste, el señor Pagán Rodríguez desistió de su reclamación por entender que ya no había un remedio que buscar, mas se reservó la prerrogativa de presentar una futura reclamación si se violentaban derechos constitucionales. Ese mismo día, el Tribunal de Primera Instancia emitió y notificó una

---

[33] Véase *Minuta*, Apéndice del *certiorari*, pág. 39.

[34] Íd., pág. 40.

[35] Véase *Aviso de desistimiento voluntario sin perjuicio al amparo de la Regla 39.1(a)(1)*, Apéndice del *certiorari*, págs. 42-46.

*Sentencia* decretando el desistimiento voluntario sin perjuicio según informado.[36]

Inconforme, el 2 de mayo de 2017, el peticionario compareció ante el Tribunal de Primera Instancia mediante *Moción en solicitud de reconsideración parcial de la sentencia a los fines de que se determine que el demandante procedió con temeridad o frivolidad, y se le impongan honorarios de abogado*.[37] En síntesis, argumentó que la reclamación presentada por el recurrido era temeraria y frívola, toda vez que éste conocía de la supuesta falsedad de sus alegaciones. En aras de demostrarlo, el peticionario presentó un recorte de prensa en donde el señor Pagán Rodríguez expresó que no se le había negado la entrada al Capitolio, y que había decidido salir voluntariamente tras negársele acceso a su grupo. De igual modo, presentó declaraciones juradas de empleados del Capitolio que presenciaron los hechos, y el video de seguridad tomado ese día. A tenor con su petición, el peticionario solicitó que se le impusiera al recurrido "el pago de costas, gastos y, particularmente, una suma por concepto de honorarios de abogado no menor de $10,000.00 […]" a favor del peticionario.[38] Ese mismo día, el

---

[36]   Véase *Sentencia*, Apéndice del *certiorari*, pág. 47.

[37]   Véase *Moción en solicitud de reconsideración parcial de la sentencia a los fines de que se determine que el demandante procedió con temeridad o frivolidad, y se le impongan honorarios de abogado*, Apéndice del certiorari, págs. 48-62.

[38]   Íd., pág. 54.

Tribunal de Primera Instancia declaró "No ha lugar" la solicitud del peticionario.[39]

En desacuerdo, el 23 de mayo de 2017 el peticionario presentó un recurso de apelación ante el Tribunal de Apelaciones.[40] En éste señaló como error que el foro primario incidió al denegar de plano la reconsideración e imposición de honorarios de abogado. Reiteró que el señor Pagán Rodríguez había mentido bajo juramento, conociendo la falsedad de lo declarado, al indicar que la Superintendencia del Capitolio le había impedido la entrada, lo cual constituía una conducta temeraria que merecía la imposición de honorarios de abogado. El 22 de junio de 2017, el señor Pagán Rodríguez presentó su alegato en oposición.[41] Expresó, en síntesis, que el desistimiento se efectuó conforme a derecho, previo a que el peticionario presentara su contestación a la demanda o una solicitud de sentencia sumaria. Asimismo, planteó que la solicitud de imposición de honorarios de abogado no era más que una movida para penalizar que el recurrido ejerciera su derecho político democrático.[42]

---

[39] Véase *Resolución*, Apéndice del *certiorari*, págs. 63-64.

[40] Véase *Apelación*, Apéndice del *certiorari*, págs. 65-77.

[41] Véase *Alegato en oposición*, Apéndice del *certiorari*, págs. 78-94.

[42] Indicó que esto último podría ser considerado como un tipo de *Strategic Lawsuit Against Public Participation* (SLAPP). El foro apelativo intermedio no consideró dicho planteamiento, por entender que el mismo no tenía base en el récord.

El Tribunal de Apelaciones dictó *Sentencia* el 21 de agosto de 2017.[43] En ésta la mayoría del Panel confirmó el proceder del foro primario por entender que la Regla 39.1(a)(1) de Procedimiento Civil de 2009, *infra*, permite el desistimiento de manera completa, absoluta y sin perjuicio, previo a que la parte demandada conteste la demanda o presente una solicitud de sentencia sumaria. Razonó además que la evidencia presentada por el peticionario en su moción de reconsideración merecía, como mínimo, que el recurrido tuviese la oportunidad de rebatirla, y que ello no ocurrió ni podía ocurrir dado que el pleito había finalizado tras el desistimiento del señor Pagán Rodríguez. La Jueza Grana Martínez disintió de la determinación tomada por la mayoría del Panel, por entender que el recurrido pudo haber desistido de su reclamación en la propia vista celebrada el 19 de abril de 2017, o sencillamente no presentar su reclamación, pues conocía que tendría acceso al Capitolio -dado que se encontraba negociando su entrada- y la demanda se presentó minutos después de que entrase a dicho recinto.

Aún inconforme, el peticionario presentó un recurso de *certiorari* ante este Tribunal. Argumentó que tanto la jurisprudencia estatal como la federal permiten, y han favorecido, la imposición de honorarios de abogado tras la presentación de reclamaciones frívolas y temerarias. Expresó que el señor Pagán Rodríguez incurrió en conducta

---

[43] Véase *Sentencia*, Apéndice del *certiorari*, págs. 95-114.

temeraria por lo cual, aún habiéndose acogido el desistimiento, procedía la solicitud independiente de la imposición de honorarios de abogado. Como parte de su argumentación, puntualizó que lo resuelto en Cooter & Gell v. Hartmarx Corp., *infra*, era directamente aplicable al presente caso y apoyaba la posición asumida por el peticionario. El 19 de enero de 2018, mediante *Resolución* emitida por la Sala de Despacho I de este Tribunal, denegamos la expedición del recurso presentado. El 6 de febrero de 2018 el peticionario presentó una *Moción de reconsideración* en donde reiteró los argumentos esbozados en su recurso. En esa ocasión este Tribunal optó por acoger los planteamientos del peticionario y expidió el recurso de *certiorari* en reconsideración. Procedemos entonces a evaluar el derecho aplicable a la controversia.

## II.

La Regla 39.1(a)(1) de Procedimiento Civil de 2009, 32 LPRA Ap. V, sobre el desistimiento, establece lo siguiente:

> (a) Por la parte demandante; por estipulación. – Sujeto a las disposiciones de la Regla 20.5 de este apéndice, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
>
> (1) Mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero […].

Hemos establecido en reiteradas ocasiones que "el derecho del demandante de renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente". PRAMCO CV6, LLC. v. Delgado Cruz, 184 DPR 453, 459 (2012).[44] Sólo basta la mera presentación de un aviso de desistimiento para que se entienda renunciada una reclamación, cuando ello ocurre previo a que la parte demandada conteste la demanda o presente una solicitud de sentencia sumaria. Íd. Este curso de acción no se cumple o satisface con la comparecencia a una vista o con la solicitud de la desestimación del pleito, según han interpretado otras jurisdicciones. *In Re*: Bath & Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 166 (3er Cir. 2008); American Soccer Co., Inc. v. Score First Enterprises, 187 F.3d 1108, 1112 (9no Cir. 1999); United Sur. & Indem. Co. v. Yabucoa Volunteers of America, 306 FRD 88 (D.P.R. 2015).

Cumplidos los requisitos de la Regla 39.1(a)(1) de Procedimiento Civil, *supra*, "[e]l tribunal ordenará el archivo y sobreseimiento de la acción sin discreción para obrar de otra forma". (Corchetes en el original). Tenorio v. Hospital Dr. Pila, 159 DPR 777, 783 (2003) (citando R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Michie de

---

[44] Véanse también: J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Pubs. JTS, 2011, T. III, pág. 1142; R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., LexisNexis Puerto Rico, 2017, secs. 3904-3905, págs. 414-415.

Puerto Rico, 1997, Sec. 3904, pág. 275). Sin embargo, esta regla no determina cómo habrán de imponerse, en caso de proceder, posibles sanciones contra una parte en dicha eventualidad. Hoy este Tribunal reconoce que los tribunales tienen la facultad para imponer sanciones aun habiéndose desistido de una causa de acción bajo la Regla 39.1 (a)(1) si la conducta de una de las partes violara lo preceptuado en la Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V.**45**

En el caso particular del desistimiento, el Tribunal Supremo de Estados Unidos determinó en <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 US 384, 394 (1990), que pueden imponerse sanciones aun mediando un desistimiento

---

**45** La Regla 9.1 de Procedimiento Civil, 32 LPRA Ap. V, en lo pertinente, dispone:

Excepto cuando se requiera específicamente por alguna disposición legal, no será necesario jurar escrito alguno o acompañarlo de una declaración jurada. La firma del abogado o abogada o de la parte equivale a certificar que está hábil y disponible para cumplir con los señalamientos y las órdenes del tribunal, que ha leído el escrito y que, de acuerdo con su mejor conocimiento, información y creencia, formada luego de una investigación razonable, dicho escrito está bien fundado en los hechos y respaldado por el derecho vigente, y que no se ha presentado con propósito de causar una injusticia, dilación u opresión o de aumentar el costo del litigio.

Si un escrito se firma en violación de esta regla el tribunal, a moción de parte o a iniciativa propia, impondrá a la persona que lo firmó, a la parte representada o a ambas, cualquier sanción conforme lo dispuesto en la Regla 9.3 de este apéndice, o podrá incluir una orden para pagar a la otra parte o partes una suma razonable en concepto de gastos incurridos con motivo de la presentación del escrito, incluso una cantidad razonable para honorarios de abogado.

**Si se determina que un escrito se ha presentado con información falsa**, simulada, difamatoria o indecorosa o se utiliza lenguaje ofensivo o soez, **el tribunal impondrá cualquier sanción conforme lo dispuesto en la Regla 9.3 de este apéndice.** (Énfasis suplido). <u>Íd.</u>

voluntario. Dicho Foro razonó que bajo la **Regla 11 de Procedimiento Civil Federal, Fed. R. Civ. P. 11,**[46] el foro primario continuaba ostentando el poder para atender asuntos colaterales aun cuando ya no exista una acción pendiente. Cooter & Gell v. Hartmarx Corp., *supra*, págs. 394-395; Wrigth & Miller Federal Practice and Procedure: Civil 3d § 2367. De igual modo, permite penalizar reclamaciones o alegaciones frívolas y sin fundamento. Cooter & Gell v. Hartmarx Corp., *supra*, págs. 391-398. Específicamente, expresó que:

> […] *Rule 41(a)(1) limits a litigant's power to dismiss actions, but allows one dismissal without prejudice. Rule 41(a)(1) does not codify any policy that the plaintiff's right to one free dismissal also secures the right to file baseless papers. The filing of complaints, papers, or other motions without taking the necessary care in their preparation is a separate abuse of the judicial system, subject to separate sanction. As noted above, a voluntary dismissal does not eliminate the Rule 11 violation. Baseless filing puts the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay. Even if the careless litigant quickly dismisses the action, the harm triggering Rule 11's concerns has already occurred. Therefore, a litigant who violates Rule 11 merits sanctions even after a dismissal. Moreover, the imposition of such sanctions on abusive litigants is useful to deter such misconduct. If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to* "*stop, think and investigate more carefully before serving and filing papers.*" Cooter & Gell v. Hartmarx Corp., *supra*, págs. 391-398 (Subrayado nuestro; citando Amendments to

---

[46] **Equivalente a nuestra Regla 9 de Procedimiento Civil de 2009, 32 LPRA Ap. V.**

> Federal Rules of Civil Procedure, 97 F.R.D.
> 165, 192 (1983) (Letter from Judge Walter
> Mansfield, Chairman, Advisory Committee on
> Civil Rules) (Mar. 9, 1982)).

Al analizar lo anterior los tribunales debemos evaluar si el foro primario abusó de su discreción al realizar su determinación. Cooter & Gell v. Hartmarx Corp., *supra*, pág. 405. Es decir, si el Tribunal de Primera Instancia basó su dictamen en una apreciación o evaluación errónea del derecho o la prueba. Íd.

### III.

No hay duda de que nuestro ordenamiento jurídico, tanto a nivel federal como estatal, permite lo que hoy decide este Tribunal: que **procede la imposición de sanciones contra una parte que incumpla con lo preceptuado en la Regla 9.1 de Procedimiento Civil**, *supra*, **aun cuando ésta desista de su caso voluntariamente.**

Según indicáramos anteriormente, ello fue resuelto por el Tribunal Supremo de Estados Unidos en Cooter & Gell v. Hartmarx Corp., *supra*. En ese caso, luego de alrededor de un año de litigio, el Tribunal de Distrito para el Distrito de Columbia permitió que Cooter & Gell, quienes representaban a Danik, Inc., desistieran voluntariamente de una acción.[47] Sin embargo, impuso el pago de honorarios de abogado por el monto de $21,452.52 a Cooter & Gell y

---

[47] En dicho caso, Intercontinental Apparel, Inc., una subsidiaria de Hartmarx Corp., presentó una demanda sobre incumplimiento de contrato contra Danik, Inc. Esta última, por su parte, presentó una reconvención en la que alegó que Hartmarx Corp. había violado varias disposiciones legales federales.

$10,701.26 contra Danik, Inc., tras determinar que las alegaciones de éstos eran gravemente inadecuadas y que varias de las alegaciones contenidas en las reclamaciones eran completamente infundadas. La controversia principal presentada ante el Tribunal de Apelaciones Federal para el Circuito del Distrito de Columbia era si procedían tales sanciones a la luz de la Regla 11 de Procedimiento Civil Federal, *supra*, lo cual se contestó en la afirmativa. Cooter & Gell v. Hartmarx Corp., *supra*, págs. 388-391. Posteriormente, el Tribunal Supremo de Estados Unidos confirmó tal proceder.

El caso que hoy evaluamos comenzó el 18 de abril de 2017 y concluyó el 21 de abril de 2017. En ese corto periodo de tiempo el recurrido presentó su demanda, el peticionario compareció a una vista argumentativa y solicitó la desestimación del pleito, y el recurrido procedió a desistir del mismo. No obstante este escueto trámite, la parte aquí peticionaria solicitó en reconsideración ante el foro de instancia, luego de desistido el caso por el recurrido y emitida la Sentencia al respecto por el tribunal, la imposición de honorarios de abogado contra el recurrido por entender que éste abusó de los procedimientos al alegadamente presentar una causa de acción basada en hechos falsos.

De acuerdo con lo anterior y sin pasar juicio sobre los méritos de las alegaciones de la parte peticionaria,[48] en estricto Derecho me veo en la obligación de expresar mi conformidad con la norma pautada por este Tribunal en el presente caso por ser ésta correcta a la luz de lo resuelto por el Tribunal Supremo de los Estados Unidos en Cooter & Gell v. Hartmarx Corp., *supra*.


                              Roberto Feliberti Cintrón
                              Juez Asociado

---

[48] Dicha determinación, claro está, le corresponderá hacerla al Tribunal de Primera Instancia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Roberto Pagán Rodríguez
　　　　　Recurrido
　　　　　　　v.
Hon. Thomas Rivera Schatz, en
su capacidad de Presidente
del Senado; Hon. Johnny
Méndez, en su capacidad de
Presidente de la Cámara de
Representantes
　　　　　Peticionarios

CC-2017-0814

*Certiorari*


La Jueza Presidenta ORONOZ RODRIGUEZ emitió una Opinión disidente a la cual se une el Juez Asociado señor Colón Pérez.


En San Juan, Puerto Rico, a 18 de febrero de 2021.

El Sr. Roberto Pagán Rodríguez (señor Pagán Rodríguez) no incurrió en conducta sancionable bajo la Regla 9.1 de Procedimiento Civil, infra. Tal y como resolvieron los foros recurridos, la prueba demostró, inequívocamente, que este no expuso hechos falsos en la demanda. Al contrario, al momento de presentarla, se le impedía la entrada al Capitolio. Conforme resolvió el foro sentenciador y confirmó el foro apelativo intermedio, no procede que el señor Pagán Rodríguez pague cuantía alguna por concepto de honorarios de abogado. En vista de que una Mayoría determina devolver el caso al Tribunal de Primera Instancia para celebrar una vista evidenciaría

improcedente sobre la conducta del señor Pagán Rodríguez, disiento respetuosamente.

I

El 18 de abril de 2017, a las **2:46 p.m.**, el señor Pagán Rodríguez presentó una demanda de entredicho provisional e *injunction* permanente para que se le ordenara al Hon. Thomas Rivera Schatz, entonces Presidente del Senado, y al Hon. Carlos "Johnny" Méndez, entonces Presidente de la Cámara de Representantes (peticionario), abstenerse de impedirle acceso al Capitolio.[49] Alegó que, ese día, tanto él como otros miembros del *Frente Ciudadano por la Auditoría de la Deuda* visitaron las instalaciones del Capitolio para cabildear en contra de la aprobación del P. de la C. 785. Indicó que, una vez congregados en las puertas del edificio público, y prontos a ingresar a las oficinas de los legisladores, se les denegó la entrada. Sostuvo que la Superintendencia del Capitolio les restringió el acceso de manera arbitraria e ilegal. En específico, afirmó que "[a]l momento de presentar [la demanda] el [señor Pagán Rodríguez] se enc[o]ntra[ba] en el lado Norte frente a las puertas totalmente cerradas del Capitolio y una formación policial".[50]

El mismo día, a las 6:48 p.m., el Tribunal de Primera Instancia emitió una *Orden de Entredicho Provisional* en la cual ordenó al peticionario a permitirle al señor Pagán Rodríguez acceder a la sesión de cabildeo ante la Cámara de

---

[49] La demanda se presentó a través del Sistema Unificado de Manejo y Administración de Casos, también conocido como SUMAC.

[50] Demanda, Apéndice del *certiorari*, pág. 4.

Representantes. Asimismo, pautó una vista de *injunction* preliminar para el día siguiente, 19 de abril de 2017, a las 2:00 p.m.

Previo a que comenzara la vista, y sin someterse a la jurisdicción del tribunal, el 19 de abril de 2017 a la 1:43 p.m., el peticionario presentó una *Moción de reconsideración y en solicitud de desestimación.* En síntesis, alegó que el asunto se tornó académico pues la Cámara de Representantes atendió y aprobó el proyecto el día anterior. Sostuvo, además, que la Superintendencia del Capitolio y la Policía de Puerto Rico eran los llamados a manejar los asuntos de orden público y de seguridad del Capitolio, por lo que eran partes indispensables. Argumentó que, sin esas partes, el tribunal carecía de jurisdicción.

La vista se celebró según se pautó. Surge de la Minuta que las partes estipularon los tres hechos siguientes:

1. El lunes, 17 de abril de 2017 el Senado de Puerto Rico, atendió y aprobó el proyecto 428 para derogar la Comisión para la Auditoría de la Deuda de Puerto Rico.
2. El martes, 18 de abril de 2017 la Cámara de Representantes de Puerto Rico, atendió el proyecto 785; y el proyecto 428 del Senado. Los cuales tenían los mismos propósitos aprobando finalmente, el proyecto 428.
3. En el día de hoy, -miércoles, 19 de abril de 2017- el gobernador, Hon. Ricardo Rosselló Nevárez, firmó el proyecto del Senado 428, convirtiéndolo en la Ley 22 de 2017.

Además, el Tribunal de Primera Instancia dispuso que:

Ante los hechos estipulados por las partes, y las alegaciones en la demanda, y habiéndose firmado la Ley 22 de 2017 por el Gobernador, se entiende que, al momento, no existe otro remedio. Por tanto, se apercibe [al señor Pagán Rodríguez] que evalúe la moción de desestimación y fije posición por escrito.

Así las cosas, el tribunal, habiendo escuchado a los abogados dispone:

- Se le concede dos días [al señor Pagán Rodríguez], según solicitado, para que presente posición mediante escrito.[51]

En cumplimiento con la orden del tribunal, el 21 de abril de 2017 el señor Pagán Rodríguez presentó un *Aviso de desistimiento voluntario sin perjuicio al amparo de la Regla 39.1(a)(1)*. De acuerdo con ese aviso, el mismo día el foro primario dictó una Sentencia en la que decretó el desistimiento solicitado.

Posteriormente, el peticionario presentó una *Moción en solicitud de reconsideración parcial de la sentencia a los fines de que se determine que el demandante procedió con temeridad o frivolidad y, se le impongan honorarios de abogado.* Sostuvo que el [señor Pagán Rodríguez] presentó frívolamente la demanda interdictal ya que esta se basaba en "alegaciones y supuestos hechos falsos".[52] Argumentó que no se le negó la entrada al Capitolio el 18 de abril de 2017, según declaró bajo juramento en la demanda. En apoyo de sus alegaciones, el peticionario presentó un vídeo y dos declaraciones juradas. Solicitó que el Tribunal de Primera Instancia reconsiderara la Sentencia para concluir que el señor Pagán Rodríguez fue temerario al presentar frívolamente la demanda interdictal. El foro primario declaró *No Ha Lugar* la moción de reconsideración.

---

[51] Minuta de la vista de 19 de abril de 2017, Apéndice del *certiorari*, pág. 40.
[52] Moción en solicitud de reconsideración parcial de la sentencia a los fines de que se determine que el demandante procedió con temeridad o frivolidad y, se le impongan honorarios de abogado, Apéndice del *certiorari*, pág. 50.

Inconforme, el peticionario solicitó al Tribunal de Apelaciones que revisara la Sentencia que dictó el foro primario. Alegó que el desistimiento voluntario debió conllevar la imposición de honorarios de abogado a su favor, pues, el señor Pagán Rodríguez actuó temeraria y frívolamente al presentar la acción interdictal. El foro apelativo intermedio confirmó la Sentencia del Tribunal de Primera Instancia, así como la denegatoria de la moción de reconsideración. En síntesis, el Tribunal de Apelaciones concluyó que la Regla 39.1(a)(1) de Procedimiento Civil y la jurisprudencia local reconocen el derecho absoluto del demandante a desistir de su causa de acción previo a que la parte demandada conteste la demanda o presente una solicitud de sentencia sumaria. Razonó que la prueba que presentó el demandado para sostener su posición requería, como mínimo, una oportunidad para que la parte contraria la confrontara. Sostuvo que ello no ocurrió y que, independientemente, al señor Pagán Rodríguez le asistía el derecho a desistir sin perjuicio de su causa de acción, sin límites ni condiciones.[53]

En desacuerdo, el peticionario presentó ante nos el recurso de *certiorari* que nos ocupa, en el cual planteó el error siguiente:

> Erró el Tribunal de Apelaciones al confirmar la determinación del TPI de denegar la moción de reconsideración parcial del compareciente. Aun cuando el TPI acogió el aviso de desistimiento

---

[53] La Jueza Grana Martínez emitió un voto disidente con opinión escrita.

voluntario del recurrido, ello no impedía que dilucidara en los méritos su temeridad.

## II

El desistimiento está contemplado en la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V.[54] Esta regla permite que un demandante desista -voluntariamente y sin una orden del tribunal- de su causa de acción si presenta un aviso de desistimiento antes de que el demandado conteste la demanda o presente una moción de sentencia sumaria.[55] El derecho del demandante de renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente.[56] Por tanto, el desistimiento será sin perjuicio, excepto cuando el demandante desistió anteriormente de otro pleito basado en o que incluya la misma reclamación.[57] El efecto de un segundo desistimiento es la adjudicación sobre los méritos; es decir, que será con perjuicio. Una vez el demandado contesta la demanda o presenta una moción de sentencia sumaria, el demandante sólo podrá desistir de su causa de acción

---

[54] Al redactar esta regla se utilizó como modelo el lenguaje de la Regla 41(a) de las de Procedimiento Civil Federal. Esta última dispone que un demandante puede desistir voluntariamente de su causa de acción. En particular, la Regla dispone:

> (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.
> (B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

[55] Regla 39.1(a)(1) de Procedimiento Civil, 32 LPRA Ap. V.
[56] PRAMCO CV6, LLC. v. Delgado Cruz, 184 DPR 453, 459 (2012).
[57] Regla 39.1(a)(2) de Procedimiento Civil, supra.

mediante estipulación firmada por todas las partes o por orden del tribunal.[58]

En Kane v. República de Cuba, 90 DPR 428, 438 (1964) afirmamos que:

> La facultad de una persona para desistir y apartarse voluntariamente de la continuación de la controversia judicial que promovió debe ser tan antigua y respetable como la de iniciarla. Al igual que en la jurisdicción federal y en las estatales, en Puerto Rico, durante más de sesenta años, el derecho al desistimiento voluntario […] se ha mantenido y estimulado como una política vital del procedimiento civil. Como resorte para mantener la paz social e individual su utilidad es evidente.
>
> No puede negarse la posibilidad de ejercitarse en ciertas circunstancias, abusiva y maliciosamente, por pura táctica o estrategia, con el claro propósito de causar inconvenientes a la parte contraria o lesionar derechos ajenos. Es un riesgo potencial en toda lucha o conflicto de intereses ante los tribunales. Para aminorar en lo posible su impacto, las Reglas fijan para su ejercicio un período generalmente corto: el que media entre la presentación de la demanda y la notificación de la moción solicitando sentencia sumaria o de la contestación. Muy poco perjuicio se habrá causado, por lo general, durante ese corto tiempo. El pronto retiro voluntario puede proclamar la inocencia de la parte demandada o querellada respecto a la conducta que se le atribuya en la demanda.

Por otra parte, las Reglas 9.1 y 44.1(d) de Procedimiento Civil, supra, reglamentan la imposición del pago de honorarios de abogado como sanción. En lo pertinente, la Regla 9.1 de Procedimiento Civil, supra, expresa que:

> La firma del abogado o abogada, o de la parte equivale a certificar que está hábil y

---

[58] Regla 39.1(a)(2) y Regla 39.1(b) de Procedimiento Civil, supra.

disponible para cumplir con los señalamientos y
las órdenes del tribunal, que ha leído el
escrito y que, de acuerdo con su mejor
conocimiento, información y creencia, formada
luego de una investigación razonable, dicho
escrito está **bien fundado en los hechos y
respaldado por el derecho vigente, y que no se
ha presentado con el propósito de causar una
injusticia, dilación u opresión o de aumentar
el costo del litigio.**

Si un escrito se firma en violación de esta
regla el tribunal, a moción de parte o a
iniciativa propia, impondrá a la persona quien
lo firmó, a la parte representada o a ambas,
cualquier sanción conforme lo dispuesto en la
Regla 9.3, **o** podrá incluir una orden para pagar
a la otra parte o partes una suma razonable en
concepto de gastos con motivo de la
presentación del escrito, **incluso una cantidad
razonable para honorarios de abogado o abogada.**

Si se determina que un escrito se ha presentado
con **información falsa**, simulada, difamatoria o
indecorosa, o se utiliza lenguaje ofensivo o
soez, el tribunal impondrá cualquier sanción
conforme lo dispuesto en la Regla 9.3. (Énfasis
suplido)

Esta regla le impone a los abogados y abogadas el deber

de certificar con su firma que realizaron una investigación

razonable y que el escrito que presentan ante el tribunal

está sustentado en hechos y en el derecho vigente. Además,

certifican con su firma que el escrito no se presenta con la

intención de dilatar el proceso ni aumentar los costos del

litigo.

En Cooter & Gell v. Hartmarx Corp., 496 U.S. 384

(1990), el Tribunal Supremo de Estados Unidos resolvió que

el desistimiento voluntario no priva de jurisdicción a las

cortes de distrito para atender una moción fundamentada en

la Regla 11 de las Reglas de Procedimiento Civil Federal.

Esta disposición es análoga a nuestra Regla 9 de

Procedimiento Civil, supra. Además, el Máximo Foro federal afirmó que los tribunales apelativos deben revisar las determinaciones del foro primario sobre sanciones por Regla 11 bajo un estándar de abuso de discreción. Por último, resolvió que las sanciones de la Regla 11 no incluyen honorarios de abogado en apelación.[59]

**III**

El peticionario alega que el Tribunal de Apelaciones erró al confirmar la denegatoria del Tribunal de Primera Instancia de su moción de reconsideración parcial. Sostiene que los foros inferiores abusaron de su discreción al no imponerle honorarios de abogado por temeridad al señor Pagán Rodríguez. Alega que la prueba que se anejó a la solicitud de reconsideración evidenció que este certificó hechos falsos en la demanda, lo que conlleva la imposición de una sanción de Regla 9 de Procedimiento Civil, supra. Asimismo, aduce que "[el señor Pagán Rodríguez] actuó temeraria o frívolamente al presentar una demanda interdictal, exponiendo bajo juramento hechos falaces" por lo que el foro primario estaba obligado a ordenar el pago de honorarios de abogado que provee la Regla 44.1(d) de Procedimiento Civil, supra.[60]

---

[59] Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 409 (1990) ("We affirm the Court of Appeals' conclusion that a voluntary dismissal does not deprive a district court of jurisdiction over a Rule 11 motion and hold that an appellate court should review the district court's decision in a Rule 11 proceeding for an abuse of discretion. As Rule 11 does not authorize a district court to award attorney's fees incurred on appeal, we reverse that portion of the Court of Appeals' judgment remanding the case to the district court for a determination of reasonable appellate expenses").

[60] Certiorari, pág. 14.

El peticionario argumenta que "[e]l hecho de que un demandante pueda presentar un desistimiento voluntario no es, ni puede ser, óbice para que el Tribunal no pueda determinar y concluir que la reclamación desistida se radicó de manera frívola y temeraria".[61] En apoyo de sus alegaciones, afirma que el Tribunal Supremo de Estados Unidos resolvió en Cooter, supra, que "[a]un acogiéndose el desistimiento voluntario, el Tribunal tiene jurisdicción y está en posición de considerar y adjudicar una solicitud de imposición de sanciones y honorarios de abogado".[62] Sostiene que la conducta del señor Pagán Rodríguez afectó la administración de la justicia, por lo que correspondía imponerle el pago de honorarios por temeridad según disponen las Reglas 44.1(d) y 9.1 de Procedimiento Civil, supra. El peticionario solicita que ordenemos el pago de una suma no menor de $10,000 por concepto de honorarios de abogado a favor del Senado de Puerto Rico.

De entrada, nos correspondía resolver si un desistimiento voluntario al amparo de la Regla 39.1(a)(1) de Procedimiento Civil, supra, impide que un tribunal imponga sanciones luego de decretar el desistimiento. Coincido con la Opinión mayoritaria en cuanto a que la norma en Cooter, supra, autoriza la imposición de sanciones a un demandante que incurre en la conducta prohibida por la Regla 9.1 de Procedimiento Civil, supra, aún si desiste de su causa de acción oportunamente. Ello responde a que activó la

---

[61] Id., pág. 13.
[62] Id., pág. 13.

maquinaria judicial bajo la premisa de información falsa o infundada. Ahora bien, como se verá, este no es el cuadro fáctico del caso del señor Pagán Rodríguez.

Correspondía, además, adjudicar si el señor Pagán Rodríguez violó los perceptos de la Regla 9.1 de Procedimiento Civil, supra al presentar su demanda interdictal y no devolverlo al foro de instancia para evaluar y adjudicar un asunto que podíamos y debíamos resolver. Tal actuación, además de incorrecta, es irrazonable. Me explico.

Ambos, el Tribunal de Primera Instancia y el Tribunal de Apelaciones, examinaron la moción de reconsideración parcial que presentó el peticionario, así como la prueba que se acompañó. Conforme al precedente federal de Cooter, supra, la determinación de imponer una sanción al amparo de la Regla 9.1 de Procedimiento Civil, supra, implica un ejercicio discrecional del foro sentenciador. La prueba que presentó el peticionario establece una cronología que examinada --incluso someramente-- demuestra que el señor Pagán Rodríguez no incurrió en conducta sancionable con el pago de honorarios de abogado. En este caso, no cabe hablar de abusos de discreción de parte de los foros recurridos al denegar la moción de reconsideración.

Para demostrar que el señor Pagán Rodríguez afirmó hechos falsos en la demanda interdictal, el peticionario acompañó a su solicitud de reconsideración un vídeo y dos declaraciones juradas. Pretendía probar que, contrario a lo que afirmó el señor Pagán Rodríguez bajo juramento en su

demanda, este entró al Capitolio el 18 de abril de 2017. Sus alegaciones omiten detalles importantes.

El señor Pagán Rodríguez presentó su demanda interdictal el 18 de abril de 2017 a las **2:46 p.m.** y se le permitió ingresar al edificio público a las **2:51 p.m. No hay duda de que la demanda se presentó antes de que le permitieran entrar al Capitolio**. Así lo demostró, incluso, la prueba que presentó el peticionario. Surge de la declaración jurada del Sr. Samuel Santiago Valle, empleado de la Superintendencia del Capitolio de Puerto Rico, que al recurrido se le permitió entrar al Capitolio a las **2:51 con 31 segundos de la tarde** del 18 de abril de 2017.[63] Es decir, justo cinco minutos después de que este presentó su escrito ante el foro primario para exigir que se le permitiera el acceso.

Llama la atención, además, que la Sra. Wilmarie Leduc Jorge, entonces *Chief of Staff* de la Cámara de Representantes de Puerto Rico, declaró que presenció el momento en que el señor Pagán Rodríguez entró al Capitolio y que ese día estuvo varias horas negociando la entrada de este a las instalaciones.[64] En palabras sencillas, la representante principal del Presidente de la Cámara de Representantes **aceptó** que al señor Pagán Rodríguez se le impidió participar y presenciar las reuniones y trabajos de la sesión legislativa por varias horas. Esto, sin más, debió

---

[63] Declaración jurada del Sr. Samuel Santiago Valle, Apéndice del *certiorari*, pág. 56.
[64] Declaración jurada de la Sra. Wilmarie Leduc Jorge, Apéndice del *certiorari*, pág. 58.

disipar cualquier duda con respecto a las actuaciones del señor Pagán Rodríguez.

El recuento fáctico e indeludible que precede evidencia que los foros inferiores hicieron lo correcto al denegar la solicitud de reconsideración. **La prueba estableció, sin espacio para otra lectura, que no se afirmaron hechos falsos en la demanda puesto que cuando esta se presentó, al señor Pagán Rodríguez le impedían entrar al Capitolio.** En vista de que el señor Pagán Rodríguez no cometió actuaciones susceptibles a sanción por el foro primario, este no abusó de su discreción al negarse a imponerle sanciones bajo la Regla 9.1 de Procedimiento Civil, <u>supra</u>.

Es imperativo resaltar que la evidencia descrita está disponible en el expediente del Tribunal de Primera Instancia, se sometió al Tribunal de Apelaciones **y consta en nuestro expediente.** La abstención de este Tribunal para evaluar los méritos de la controversia y la devolución del caso al Tribunal de Primera Instancia para que reevalúe la moción de reconsideración del peticionario es un esfuerzo fútil e irrazonable. Los hechos de este caso y <u>la prueba</u> demuestran, sin ambages, que el señor Pagán Rodríguez no incurrió en conducta sancionable por la Regla 9.1 de Procedimiento Civil, <u>supra</u>. Esa fue la conclusión de los foros inferiores al denegar la solicitud en la que insiste el peticionario, y lo que pudimos constatar porque tenemos el expediente. El peticionario sometió ante nosotros la evidencia necesaria para adjudicar la controversia sin tener

que remitir el asunto a la atención del foro inferior nuevamente para descubrir prueba.

Cabe mencionar que no estamos ante una moción de reconsideración que requiera oposición por parte del señor Pagán Rodríguez. **Basta con examinar las declaraciones juradas que se acompañaron a la moción de reconsideración para descubrir que no sustentan las alegaciones del peticionario.** La insinuación de la Mayoría de que el peticionario presentó prueba *prima facie* dirigida a demostrar un incumplimiento con la Regla 9.1 de Procedimiento Civil, <u>supra</u> debe atender los hechos de otro caso puesto que, en este, tal y como concluyeron los foros de instancia y apelaciones, esa prueba no existe.

Se reitera: contamos con prueba suficiente para adjudicar que el señor Pagán Rodríguez no expuso hechos falsos en la demanda y que, por tanto, no incurrió en la conducta sancionable por la Regla 9.1 de Procedimiento Civil, <u>supra</u>. Insisto en que la atención de este caso en los méritos nos hubiese llevado a la conclusión ineludible de que los foros inferiores no erraron al denegar la moción de reconsideración. Y es que este recurso nunca se debió expedir. Los tribunales recurridos tuvieron la oportunidad de examinar las alegaciones y la prueba sobre este asunto y descargaron su función adjudicativa. No procedía concederle un segundo turno al bate al peticionario para insistir en su caso. Este curso de acción no solo es contrario al principio de economía procesal porque obliga al foro primario a

celebrar una vista para resolver algo que nos consta que no procede, sino que implica gastos adicionales para las partes y para el erario. Además, alarga el trámite de forma ineficaz puesto que ahora comienzan a decursar nuevos términos de reconsideración y de apelación. Ello pudiera conllevar que este asunto continúe litigándose por varios años más, inclusive, que regrese a este foro para que evaluemos los méritos. Debimos ponerle punto final a la controversia y al despilfarro de fondos y recursos públicos inherentes a este esfuerzo.

La acción de interdicto que promovió el señor Pagán Rodríguez duró un total de **tres días**. El peticionario lleva **años** litigando en diversos foros, a costa de los fondos del erario, la imposición de unos honorarios de abogado que claramente no proceden. Si alguna parte ha incurrido en gastos de tiempo y dinero injustamente --primero para vindicar su derecho de acceso al Capitolio y luego para defenderse en este litigio inmeritorio-- es el señor Pagán Rodríguez. La determinación de la mayoría tiene el efecto peligroso de desalentar la participación ciudadana en asuntos del más alto interés público, pues se amenaza con la imposición de sanciones a quien se auxilie en los tribunales para vindicar sus derechos. Este Tribunal no debió avalar ese abuso de poder cuando tiene de frente la evidencia para impedirlo. Disiento respetuosamente.

                                        Maite D. Oronoz Rodríguez
                                            Jueza Presidenta